# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| GREGORY ADAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LISA M. TRAYLOR-WOLFF, and )<br>THE LAW OFFICES OF KELLY LEEMAN, )<br>)<br>Defendants. ) | No. 2:11 CV 365 |

## OPINION and ORDER

**I.   BACKGROUND**

Defendant Lisa M. Traylor-Wolff provided legal representation to plaintiff Gregory Adams in a criminal matter in 2009. (DE # 1 at 2-4.) On October 3, 2011, plaintiff filed suit against Traylor-Wolff and her law firm, The Law Offices of Kelly Leeman, alleging legal malpractice and breach of fiduciary duty. (DE # 1.) On November 11, 2011, defendant moved to dismiss the complaint for failure to sufficiently plead compliance with the Indiana Tort Claims Act. (DE # 6.) Plaintiff responded (DE # 8), and defendant replied. (DE # 9.) The motion is now ripe for ruling.

**II.   LEGAL STANDARD**

Defendant has moved to dismiss plaintiff's claims under RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to state a claim upon which relief may be granted. RULE 8 of the FEDERAL RULES OF CIVIL PROCEDURE sets forth the pleading standard for complaints filed in federal court; specifically, that rule requires that a complaint contain "a short and plain statement of the claim showing that the pleader is

entitled to relief." FED. R. CIV. P. 8. "The RULE reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (internal quotation marks omitted).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). When evaluating the sufficiency of a complaint, the court must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Reger Development, LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010).

## III. DISCUSSION

Defendant argues that plaintiff's complaint must be dismissed because it does not allege facts demonstrating that plaintiff complied with the requirements of the Indiana Tort Claims Act ("ITCA"). Plaintiff does not dispute that his claims are subject to the terms of the ITCA, but argues that lack of compliance with the ITCA is an affirmative defense and therefore plaintiff is not required to plead facts regarding compliance with the ITCA.

Tort claims brought under Indiana law are subject to the ITCA's procedural and substantive requirements. *Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 648 (7th Cir. 2006) (citing *Bienz v. Bloom*, 674 N.E.2d 998, 1003 (Ind. Ct. App. 1996) ( "[O]ur supreme

2

court has held that the Act applies to all torts.")). "Compliance with the ITCA is a prerequisite to pursuing a tort claim against a state university, such as the Defendant, regardless of whether suit is filed in state or federal court." *Id.* As the Seventh Circuit has explained, "[o]ne of ITCA's requirements is to give notice of tort claims to the defendant's government body, in this case the Defendant itself, within 180 days after the alleged losses occur." *Id.* at 648 (citing IND. CODE § 34-13-3-8(a); § 34-6-2-110(7)). "The purpose of the notice is to provide an opportunity for [the defendant] to investigate, determine liability and prepare a defense to the tort claim." *Orem v. Ivy Tech State College,* 711 N.E.2d 864, 869 (Ind. Ct. App. 1999). The assertion that a plaintiff has failed to comply with the ITCA notice requirements is an affirmative defense. *Brown v. Alexander,* 876 N.E.2d 376, 383-84 (Ind. Ct. App. 2007).

Plaintiff's complaint does not contain facts regarding whether he did or did not provide defendant with the appropriate notice under the ITCA. However, as plaintiff points out, "complaints need not anticipate and attempt to plead around defenses." *United States v. N. Trust Co.,* 372 F.3d 886, 888 (7th Cir. 2004). True, "[a] litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense," *U.S. Gypsum Co. v. Ind. Gas Co., Inc.,* 350 F.3d 623, 626 (7th Cir. 2003), but a plaintiff's omission of facts from his complaint which would ultimately defeat an affirmative defense does not justify dismissal. *Id.; Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006). Accordingly, plaintiff's silence on the ITCA in his complaint is not dispositive.

3

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (DE # 6) is **DENIED.** Plaintiff's motion for a hearing on defendant's motion to dismiss (DE # 11) is **DENIED** as moot.

**SO ORDERED.**

Date: July 25, 2012

        s/James T. Moody
        JUDGE JAMES T. MOODY
        UNITED STATES DISTRICT COURT