UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GREGORY ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:11 CV 365 |
| | ) | |
| LISA M. TRAYLOR-WOLFF, | ) | |
| THE LAW OFFICES OF KELLY | ) | |
| LEEMAN, CASS COUNTY, and THE | ) | |
| BOARD OF COMMISSIONERS OF | ) | |
| THE COUNTY OF CASS, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

I.   BACKGROUND

In August of 2009, plaintiff Gregory Adams was brought before the Superior Court in Cass County, Indiana, on drug charges. (Am. Compl., DE # 35 ¶¶ 6-10.) The court appointed defendants Lisa M. Traylor-Wolff and the Law Offices of Kelly Leeman (collectively referred to herein as "the Lawyers") to defend him. (*Id.* ¶ 11.) Plaintiff alleges that from her appointment in August of 2009 until October of 2010, Wolff's representation of him consisted of requests to continue court appearances and motions relating to discovery practice. (*Id.* ¶¶ 15-18.) In October of 2010, Wolff initiated plea negotiations with the prosecutor handling plaintiff's case. (*Id.* ¶ 18.) Plaintiff alleges that Wolff induced him to execute the plea agreement in November of 2010. (*Id.* ¶ 20.) However, in December of 2010, Wolff filed a motion to dismiss all pending charges

against plaintiff due to speedy trial violations. (*Id.* ¶ 22.) The state court granted the motion, and plaintiff was released from custody on January 18, 2011. (*Id.* ¶ 24.)

On October 3, 2011, plaintiff filed the present suit against the Lawyers, alleging that they committed malpractice and breached their fiduciary duties to plaintiff by failing to act with reasonable care, diligence, and promptness while representing him, causing him to remain incarcerated for more than sixteen months. (DE # 1.) On November 11, 2011, the Lawyers moved to dismiss for failure to sufficiently plead compliance with the notice provisions of the Indiana Tort Claims Act ("ITCA"). (DE # 6.) This court denied that motion due to the fact that plaintiff's alleged failure to comply with the notice provisions of the ITCA constituted an affirmative defense, and plaintiff did not need to plead facts related to an affirmative defense in his complaint. (DE # 15.)

Plaintiff later amended his complaint to include Cass County and the Board of Commissioners of the County of Cass (collectively referred to herein as "the County") as defendants.[1] (DE # 35.) Plaintiff alleges that the County funded and reimbursed the Lawyers for their representation of Adams. (*Id.* ¶ 12.) The County has moved to dismiss the claims against it, arguing that it cannot be held liable for the Lawyers' actions as court-appointed attorneys. (DE # 52.) The Lawyers also have filed another motion to

---

[1] Plaintiff has sued both Cass County and the Board of Commissioners of Cass County. (DE # 35.) The legal distinction between these entities, if any, is an issue that has not been raised, so the court will not address it. For purposes of their motion, these defendants have essentially treated themselves as the same entity, so for purposes of this opinion, the court refers to both entities as "the County."

2

dismiss, arguing that some of plaintiff's tort claims are barred by the ITCA, and that plaintiff's fraud claim has no merit. (DE # 38.) Both motions are fully briefed and ripe for ruling.

## II. DISCUSSION

### A. The Lawyers' Motion to Dismiss

The Lawyers argue that some of plaintiff's tort claims are barred by the Indiana Tort Claims Act, and that plaintiff's fraud claim is meritless. (DE # 38.) In response, plaintiff does not dispute the substance of any of the Lawyers' arguments. (DE # 42.) Instead, plaintiff simply argues that the Lawyers' motion should be denied as untimely. Specifically, plaintiff claims that: (1) the motion is late because it was filed on the same day as the Lawyers' answer to his amended complaint rather than "before" their answer; and (2) because his initial complaint included many of the same allegations as the amended complaint, the Lawyers should have raised their ITCA issues via a RULE 12(b)(6) motion within 21 days of service of the initial complaint. (*Id.*)

The court addresses plaintiff's arguments first. RULE 12 requires that a defendant file an answer to a complaint within 21 days after being served with the complaint. FED. R. CIV. P. 12(a)(1)(A)(i). However, a defendant may file a motion presenting a defense under RULE 12(b) "before" filing her answer. Plaintiff's first argument is that an answer and a RULE 12(b)(6) motion cannot be filed at the same time. However, RULE 12(b) states that "[n]o defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." But even assuming plaintiff is

3

correct, and the Lawyers' RULE 12(b)(6) motion was not filed "before" their answer, the court may simply treat the motion as one for judgment on the pleadings pursuant to RULE 12(c) and consider it under that framework. *Schy v. Susquehanna Corp.,* 419 F.2d 1112, 1116 (7th Cir. 1970) ("A motion to dismiss made after the filing of an answer serves the same function as a motion for judgment on the pleadings and may be regarded as one.").

Plaintiff's second argument is essentially that all RULE 12(b) attacks on a complaint must be made within 21 days of the complaint in which the pertinent allegations are made. In other words, according to plaintiff, the fact that a complaint is amended does not refresh the 21-day clock for purposes of all allegations in the complaint – only new allegations that were not contained in previous complaints. A few lower courts in this circuit have agreed with plaintiff's reasoning. *See, e.g., U.S. Fidelity & Guar. Co. v. Jepsen,* No. 90 C 6931, 1991 WL 249706, at *2 (N.D. Ill. Nov. 14, 1991); *Keefe v. Derounian,* 6 F.R.D. 11, 13 (N.D. Ill. 1946). However, even assuming the Lawyers may not file a RULE 12(b)(6) motion asserting that the ITCA bars some of plaintiff's claims, such an argument certainly can be made in a motion for judgment on the pleadings, which is permitted after the filing of an answer pursuant to RULE 12(c). *See, e.g., Ball v. City of Indianapolis,* No. 1:12 cv 00179 SEB DKL, 2013 WL 1221936, at *3 (S.D. Ind. Mar. 25, 2013); *Antey v. Donahue,* No. 3:12 cv 00085 TWP WGH, 2013 WL 466222, at *3 (S.D. Ind. Feb. 7, 2013); *Roberts v. City of Indianapolis,* No. 1:10 cv 1436 TWP DML, 2011 WL 2443672, at *4 (S.D. Ind. June 14, 2011). The court is entitled to construe the Lawyers'

4

motion as a RULE 12(c) motion even if it is styled as a RULE 12(b)(6) motion, *Forseth v. Village of Sussex,* 199 F.3d 363, 368 n.6 (7th Cir. 2000), so the court does so here.

In sum, even if all of plaintiff's arguments are accepted, plaintiff accomplishes little other than prompting the court to consider the Lawyers' motion under RULE 12(c) instead of RULE 12(b)(6). RULE 12(c) motions are analyzed under standards virtually identical to those applicable to RULE 12(b)(6) motions. *Pisciotta v. Old Nat'l Bancorp.,* 499 F.3d 629, 633 (7th Cir. 2007). Accordingly, the Lawyers' motion still stands, and the substantive arguments made in the motion are still on the table and will be analyzed under the same standard as argued by the Lawyers.

With plaintiff's technical objections out of the way, the court now turns to the substance of the Lawyers' motion, which plaintiff has not contested. In reviewing a motion for judgment on the pleadings pursuant to RULE 12(c), the court applies the same standard that is applied when reviewing a motion to dismiss pursuant to RULE 12(b)(6). *Pisciotta,* 499 F.3d at 633. That means that the court "take[s] the facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." *Id.* The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." RULE 8(a)(2). While there is no need for detailed factual allegations, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Pisciotta,* 499 F.3d at 633 (citation omitted). Factual allegations also must be enough to raise a right to relief above the "speculative level" to the level of "plausible." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570

5

(2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949.

The Lawyers' first argument is that some of plaintiff's tort claims against them are barred by the ITCA. Specifically, the Lawyers seek judgment with regard to Counts I and VI (legal malpractice) and Counts III and VIII (breach of fiduciary duty). These claims are considered tort claims under Indiana law. *Wright v. Elston,* 701 N.E.2d 1227, 1233 (Ind. Ct. App. 1998) (legal malpractice); *Budden v. Bd. of Sch. Commrs. of City of Indianapolis,* 698 N.E.2d 1157, 1160 (Ind. 1998) (breach of fiduciary duty). Tort claims brought under Indiana law are subject to the ITCA's procedural and substantive requirements. *Keri v. Bd. of Trs. of Purdue Univ.,* 458 F.3d 620, 648 (7th Cir. 2006) (citing *Bienz v. Bloom,* 674 N.E.2d 998, 1003 (Ind. Ct. App. 1996) ( "[O]ur supreme court has held that the Act applies to all torts.")). The ITCA provides that "[a] lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." IND. CODE § 34-13-3-5(b). The question is whether the Lawyers qualify as "employees" under the ITCA.

The Indiana Court of Appeals first addressed the application of the ITCA to malpractice cases against court-appointed attorneys in *White v. Galvin,* 524 N.E.2d 802 (Ind. Ct. App. 1988). In that case, the plaintiff sued a court-appointed public defender, who was funded by the county, without providing notice to the county pursuant to the

6

ITCA. At that time, "employee" was defined in the ITCA as one who was acting on behalf of a governmental entity, but independent contractors were excluded. The *White* court held that the court-appointed attorney was not an employee of the county under that statutory definition, as the county had no right to control the actions of a public defender, a condition normally necessary for imposing vicarious liability. *Id.* at 803-04. Also, the court held that the attorney was not acting on behalf of the county because by representing a criminally accused, the attorney was acting as an adversary to the government. *Id.*

After the court's decision in *White,* the Indiana legislature amended the ITCA in 1995, and changed the definition of "employee" to read as follows (in relevant part): "'Employee' and 'public employee' . . . means a person presently or formerly acting on behalf of a governmental entity, whether temporarily or permanently or with or without compensation." IND. CODE § 34-6-2-38(a). The amended ITCA further stated that this "also includes attorneys at law whether employed by the governmental entity as employees or independent contractors." *Id.* § 34-6-2-38(b). Thus, after the ITCA was amended, there was no question that public defenders and court-appointed attorneys were to be considered "employees" for purposes of the ITCA. *Wright,* 701 N.E.2d at 1233 (summarizing amendment to ITCA and holding that court-appointed public defenders are considered public employees for purposes of the ITCA). Given the allegations contained in the complaint, the Lawyers were acting within the scope of their employment as court-appointed attorneys at the time of their alleged errors.

Accordingly, the Lawyers are entitled to judgment on the pleadings as to all of plaintiff's tort claims against them (Counts I, III, VI, and VIII).[2]

The Lawyers also argue that plaintiff's fraud claim against them (Count V) should be dismissed. The Lawyers point out that a claim for fraud must be premised on a representation of an existing fact, not upon representations regarding future conduct, promises, or predictions. *Corry v. Jahn*, 972 N.E.2d 907, 919 (Ind. Ct. App. 2012). Plaintiff's fraud claim is based entirely on defendant Wolff's alleged statement to plaintiff that if he did not accept the plea deal offered by the prosecutor, he would be found guilty and sentenced to 20 years imprisonment. (DE # 35 ¶ 45.) As the Lawyers point out, Wolff's alleged statement is not a representation of existing fact, but rather amounts to a future prediction. Such a statement cannot form the basis of a claim for fraud under Indiana law, so judgment for the Lawyers is appropriate on this claim (Count V).

B.   **The County's Motion to Dismiss**

The County has moved to dismiss plaintiff's claims against it pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). The standard for analyzing a motion under RULE 12(b)(6) is essentially the same as that under RULE 12(c), which is summarized above. The crux of the County's motion is that it cannot be held liable for actions taken

---

[2] Indiana law permits tort actions against government employees when the acts or omissions of the employee were "willful and wanton." IND. CODE § 34-13-3-5(c)(4). Plaintiff's complaint contains four counts against the Lawyers alleging "willful and wanton" conduct (Counts II, IV, VII, and IX). The Lawyers do not move to dismiss these claims, and the court does not address them.

8

by court-appointed attorneys, like the Lawyers, for their representation of clients like plaintiff. As explained above, it is clear that the Lawyers, as court-appointed attorneys, are immune from plaintiff's tort claims against them personally under the amended ITCA. IND. CODE § 34-6-2-38(b). The question is whether the County is a "governmental entity" that can be held responsible for those same claims.

The Indiana Court of Appeals addressed a similar question in *Wright v. Elston*, 701 N.E.2d at 1233. The court explained that the revised ITCA "extends immunity under the Indiana Tort Claims Act to attorneys employed by a governmental entity, whether as an employee or as an independent contractor." *Id.* The court further held that the chief public defender for the county qualified as an employee under the ITCA, and as such, the plaintiffs "were required to give notice to Elston's employer, either the Clark County Commissioners or the Clark County Public Defender's Office." *Id.* Because the plaintiffs had failed to properly give notice under the ITCA, their claim was barred. *Id.*

The present motion does not involve the notice provision of the ITCA, but rather what the *Wright* court described as the "immunity [of] attorneys employed by a governmental entity." *Id.* at 1233. Specifically, the ITCA provides that "[a] lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." IND. CODE § 34-13-3-5(b). Further, the ITCA states that "the governmental entity shall pay any judgment of a claim or suit against an employee when the act or omission causing the loss is within

9

the scope of the employee's employment, regardless of whether the employee can or cannot be held personally liable for the loss." *Id.* § 34-13-3-5(d). Finally, the ITCA provides that "[t]he governmental entity shall provide counsel for and pay all costs and fees incurred by or on behalf of an employee in defense of a claim or suit for a loss occurring because of acts or omissions within the scope of the employee's employment, regardless of whether the employee can or cannot be held personally liable for the loss." *Id.* § 34-13-3-5(e).

Plaintiff argues that the County is the "governmental entity" responsible for claims against court-appointed attorneys like the Lawyers, while the County argues that it is not. The County suggests that perhaps the court, which actually appoints attorneys, is the "governmental entity" affiliated with court-appointed attorneys for purposes of the ITCA. But the County presents no authority supporting this argument, and in any event, the Indiana Court of Appeals' decision in *Wright* puts the argument to rest. In *Wright,* the court specifically held that under the ITCA, the plaintiff could not sue a court-appointed public defender without providing notice to "[the attorney's] employer, either the Clark County Commissioners or the Clark County Public Defender's Office." *Wright,* 701 N.E.2d at 1233. Clearly, the *Wright* court did not consider the appointing court to be the attorney's employer. According to the Indiana Court of Appeals, in cases involving court-appointed attorneys, either the County

10

Commissioners or the County Public Defender's Office will suffice as the appropriate employing governmental entity for purposes of the ITCA.[3] *Id.*

Had this case been brought pre-1995, before the ITCA was amended, the court might have sided with the County. Back then, under Indiana law, court-appointed attorneys were not "employees" under the ITCA. Accordingly, at that time, the Indiana legislature did not bestow upon court-appointed attorneys the protections the ITCA offered, including prior notice of suits to be filed against them and immunity from suits waged against them, personally. The amendment to the ITCA marked a shift in the Indiana legislature's priorities; suddenly, the law perceived court-appointed attorneys as employees of a governmental entity, and that entity – according to the Indiana Court of Appeals – is either the County Commissioners or the County Public Defenders' Office. *Wright,* 701 N.E.2d at 1233. In this case, plaintiff sued the Commissioners of Cass County. Under *Wright,* this appears to have been proper, so the County's motion to dismiss on this basis is denied.

The County argues that plaintiff has failed to allege sufficient facts demonstrating that it had any control over the Lawyers or that the Lawyers were acting on behalf of the County. According to the County, the only act it takes with regard to court-appointed attorneys is signing their paychecks. However, these are precisely the

---

[3] Indiana courts are not alone in holding that counties are employers of court-appointed attorneys. *See, e.g., Johnson v. Halloran,* 742 N.E.2d 741, 743-45 (Ill. 2000) (Illinois law); *Briggs v. Lawrence,* 230 Cal. App. 3d 605, 618-19 (6th Dist. 1991) (California law).

arguments articulated by the Indiana Court of Appeals in *White* in justifying that court's decision to consider court-appointed attorneys non-"employees" for purposes of the pre-amendment ITCA. *White,* 524 N.E.2d at 803-04. That decision was superceded by the amendments to the ITCA, which specifically changed the definition of "employee" to include court-appointed attorneys, and the *Wright* decision, which held that County Commissioners qualify as employers of court-appointed attorneys for purposes of the ITCA. Accordingly, the County's argument fails.

The County also argues that it is immune from liability pursuant to Section 34-13-3-3(10) of the Indiana Code. That statute provides that a governmental entity is not liable for losses resulting from "[t]he act or omission of anyone other than the governmental entity or the governmental entity's employee." IND. CODE 34-13-3-3(10). This is simply another variation of the County's argument that court-appointed attorneys are not its employees. Clearly, under the amended ITCA and *Wright,* the County's argument fails. IND. CODE § 34-6-2-38(a-b) ("'Employee' and 'public employee' . . . means a person presently or formerly acting on behalf of a governmental entity, whether temporarily or permanently . . . [and] includes attorneys at law whether employed by the governmental entity as employees or independent contractors." ); *Wright,* 701 N.E.2d at 1233 (County Commissioners and County Public Defenders Office are employers of court-appointed attorneys for purposes of ITCA). Accordingly, the County's argument is rejected.

## III. CONCLUSION

For the foregoing reasons, the motion of defendants Lisa M. Traylor-Wolff and The Law Offices of Kelly Leeman is **GRANTED** (DE # 38); and the motion of Cass County and the Board of Commissioners of the County of Cass is **DENIED** (DE # 52).

For the sake of clarity, the remaining claims in this case are Counts II and IV against Lisa M. Traylor-Wolff, Counts VII and IX against The Law Offices of Kelly Leeman, and Counts X and XI against Cass County and the Board of Commissioners of the County of Cass.

**SO ORDERED.**

Date: May 31, 2013

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT