IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GREGORY ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:11-cv-00365-JTM-APR |
| | ) |
| LISA M. TRAYLOR-WOLFF, and THE | ) |
| LAW OFFICES OF KELLY LEEMAN, | ) |
| CASS COUNTY, and THE BOARD | ) |
| OF COMMISSIONERS OF THE | ) |
| COUNTY OF CASS, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on the Motion for Leave to Amend Their Answer to Amended Complaint [DE 57] filed by the defendants, Lisa M. Traylor-Wolff and the Law Offices of Kelly Leeman, on April 25, 2013. For the following reasons, the motion is **DENIED**.

*Background*

In August 2009, the plaintiff, Gregory Adams, was brought before the Superior Court of Cass County, Indiana, on drug charges. The court appointed the defendants, Lisa M. Traylor-Wolff and the Law Offices of Kelly Leeman, to defend Adams. Plea negotiations ensued. Adams represents that Wolff induced him to execute a plea agreement in November 2010. In December 2010, Wolff filed a motion to dismiss all pending charges against Adams due to speedy trial violations. The motion was granted, and Adams was released from custody on January 18, 2011.

On October 3, 2011, Adams filed the present lawsuit against Wolff and the Law Offices

of Kelly Leeman, alleging that they committed malpractice and breached their fiduciary duties by failing to act with reasonable care, diligence, and promptness while representing him, causing him to remain incarcerated for more than sixteen months.

In their original answer and their answer to Adams' amended complaint, the defendants asserted an affirmative defense that "[p]ublic policy prohibits Plaintiff from recovery against the Defendants." Adams moved to strike this defense. The court ruled that the defense, as written, did not put Adams on notice of the actions that violated public policy. The defendants now move to amend their answer to include the following affirmative defense:

> The public policy of Indiana precludes Plaintiff's claim against these answering Defendants. As set forth in Rimert v. Mortell, the public policy of Indiana precludes a person from maintaining an action if, to establish his cause of action, he must rely on a violation by himself of the criminal or penal laws. In support of his cause of action, Adams necessarily must rely upon illegal conduct which resulted in his arrest and incarceration on drug charges and for which he was prepared to plead guilty before a motion filed by Defendant Traylor-Wolff resulted in Adams' release from jail.

Adams opposes this amendment, arguing that the amendment is futile.

*Discussion*

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." **Foman v. Davis**, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). This Circuit has recognized that because pleadings merely serve to put the opposing side on notice, they should be freely amended as the case develops, as long as amendments do not unfairly surprise or prejudice the opposing party. **Jackson v. Rockford Housing Authority**, 213 F.3d 389, 390 (7th Cir. 2000). The decision to deny leave to amend a pleading is an abuse of discretion "only if 'no reasonable person could agree with the decision.'"

*Winters v. Fru–Con, Inc*., 498 F.3d 734, 741 (7th Cir. 2007) (quoting *Butts v. Aurora Health Care, Inc*., 387 F.3d 921, 925 (7th Cir. 2004)); *Ajayi v. Aramark Business Services*, 336 F.3d 520, 530 (7th Cir. 2003).

Leave to amend properly may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182, 83 S.Ct. at 230. A motion to amend is more likely to be denied if it takes place at a relatively late stage in the proceedings. *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 875 (7th Cir. 2011); *Winters*, 498 F.3d at 741. *See also* *James v. McCaw Cellular Communications, Inc*., 988 F.2d 583 (5th Cir. 1993) (holding that the district court did not abuse its discretion in denying plaintiff's motion to amend where the motion was filed almost 15 months after the original complaint, ten months after the joinder dead-line, five months after the deadline for amendments, and three weeks after the defendant filed motion for summary judgment).

The court may deny leave because the amendment is futile. *Bethany Phamacal Compamy, Inc. v. QVC, Inc*., 241 F.3d 854, 861 (7th Cir. 2001). Futility generally is measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), unless a summary judgment motion is pending, permitting futility to be shown with reference to the entire summary judgment record. *Peoples v. Sebring Capital Corp*., 209 F.R.D. 428, 430 (N.D. Ill. 2002). If the proposed amendment is not clearly futile, denying leave to amend on this ground would be improper. *See* **Wright & Miller, 6 Federal Practice & Procedure § 1487**, at 637–642 (2d ed. 1990) ("If the proposed change clearly is frivolous or

advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend.").

The defendants moved to amend their answer to include an affirmative defense that Adams' complaint is barred by public policy. The defendants rely on ***Rimert v. Mortell***, 680 N.E.2d 867 (Ind. App. 1997) in support of their motion. In ***Rimert***, the plaintiff was convicted of murder and sought damages from his psychiatrist for malpractice, claiming his psychiatrist negligently discharged him from the hospital. ***Rimert***, 680 N.E.2d at 870. The Indiana Appellate Court explained that "[i]t is a general rule of public policy that 'a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party . . . [or] . . . on a violation by himself of the criminal or penal laws . . ." ***Rimert***, 680 N.E.2d at 871-872 (citing **1A C.J.S. Actions § 29** (1985)). The rule is based on the principal that someone who knowingly and intentionally engages in serious illegal conduct should not be able to impose liability on others for the consequences of their behavior. ***Rimert***, 680 N.E.2d at 872. The Indiana Appellate Court cited numerous examples where liability was not imposed. For example, a bank robber could not recover against the FBI for injuries he sustained during a robbery under the theory that the FBI was negligent for failing to arrest him before the robbery on conspiracy charges despite the FBI's knowledge of his intent to commit the crime. ***Rimert***, 680 N.E.2d at 872 (citing ***Amato v. United States***, 729 F.2d 1445 (3rd Cir. 1984)). Similarly, a man convicted of rape could not recover damages from the bartender under a theory that the bartender was negligent in serving him after he became intoxicated. ***Rimert***, 680 N.E.2d at 872 (citing ***Lord v. Fogcutter Bar***, 813 P.2d 660 (Ala. 1991)). This rule prohibits convicted criminals from imposing or shifting liability

4

for their antisocial conduct onto others. *Rimert*, 680 N.E.2d at 873.

The situation here is much different than in *Rimert* or the cases it cites. Adams is not relying on his own criminal conduct in an attempt to shift responsibility for the resulting damages to another party or to recover damages based on his anti-social behavior. Rather, Adams seeks damages for the defendants' own behavior in failing to represent him appropriately. *See* DE 61 (explaining that the only remaining counts pending against Kelly and the Law Offices of Kelly Leeman are for willful and wanton legal malpractice and breach of fiduciary duties). It was Adams' conduct that placed him in jail, although he never was convicted of the crime, but the defendants' alleged failure to timely file the motion to dismiss kept Adams in jail. Adams is not arguing that the defendants in anyway caused or contributed to the commission of his crime. Rather, Adams is seeking to impose liability on the defendants for their own subsequent conduct that kept him in jail beyond the time he should have served if the defendants did not commit legal malpractice.

Under the defendants' theory, a criminal defendant never could pursue a legal malpractice claim against his attorney because he committed a crime. However, this is contrary to Indiana law. *See Goby v. Whitehead*, 837 N.E.2d 146 (Ind. App. 2005) (legal malpractice action by criminal defendant against attorney); *Silvers v. Brodeur*, 682 N.E.2d 811 (Ind. App. 1997) (same). In fact, the criminal defendant need not even prove his innocence to proceed with a legal malpractice case against his attorney. *See Goby*, 837 N.E.2d 146, 151 (Ind. App. 2005) ("[A] criminal defendant does not have to prove his innocence before he files a legal malpractice claim."); *Silvers*, 682 N.E.2d at 818. Therefore, the defendants' theory that a criminal defendant cannot recover damages that arose because of his behavior is inapplicable in this case, and

5

permitting the defendants to file an amended answer stating this as a defense would be futile.

Based on the foregoing reasons, the defendants' Motion for Leave to Amend Their Answer to Amended Complaint [DE 57] is **DENIED.**

ENTERED this 18th day of October, 2013

/s/ Andrew P. Rodovich
United States Magistrate Judge