IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GREGORY ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:11-cv-365 |
| | ) | |
| LISA M. TRAYLOR-WOLFF, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on the Motion to Bar and Exclude Expert Testimony [DE 74] filed by the defendants on June 3, 2014, and the Motion for Leave to File Surreply [DE 79] filed by the plaintiff, Gregory Adams, on June 5, 2014. For the following reasons, the Motion to Bar and Exclude Expert Testimony [DE 74] is **DENIED,** and the Motion for Leave to File Surreply [DE 79] is **GRANTED**.

*Background*

The plaintiff, Gregory Adams, filed his complaint alleging legal malpractice on October 3, 2011. The court held a status conference on August 2, 2013, and set the fact discovery deadline for January 31, 2014, the discovery deadline for July 31, 2014, and the deadline for Adams to turnover his expert witness disclosures and reports for March 31, 2014. In two separate motions, Adams asked for an extension of the discovery deadline and his expert disclosure deadline. The discovery deadline and Adams' expert disclosure deadline were extended until April 30, 2014. On April 10, 2014, the defendants filed an agreed motion to extend the discovery deadline, which the court granted, giving the parties until May 30, 2014 to complete discovery. On May 30, 2014, Adams' counsel e-mailed defense counsel three expert

reports. The defendants now move to exclude Adams' experts from testifying because their disclosure was untimely.

*Discussion*

The court first will address Adams' motion to file a sur-reply brief. Local Rule 7.1(a) permits parties to file an initiating brief, a response, and a reply, but it does not contemplate the filing of a sur-reply or response to the reply brief. The court generally does not permit litigants to file a sur-reply brief. **Hall v. Forest River, Inc**., 2008 WL 1774216, *n.3 (N.D. Ind. April 15, 2009); **Runkle v. United States.**, 1995 WL 452975, *1 (N.D. Ind. May 9, 1995). However, "[a] surreply brief is occasionally allowed when it raises or responds to some new issue or development in the law." **Merril Lynch Life Ins. Co. v. Lincoln Nat. Life Ins. Co.**, 2009 WL 3762974, at *1 (N.D. Ind. Nov. 9, 2009) (citing **Hall v. Forest River, Inc**., 2008 WL 1774216, at *n. 3 (N.D. Ind. Apr. 15, 2008)). *See also* **Meraz-Camacho v. United States**, 417 Fed. Appx. 558, 559 (7th Cir. 2011) ("The decision to permit the filing of a surreply is purely discretionary and should generally be allowed only for valid reasons, such as when the movant raises new arguments in a reply brief."). The court's decision to permit or deny a sur-reply brief is reviewed under an abuse of discretion standard. **Cleveland v. Porca Co.**, 38 F.3d 289, 297 (7th Cir. 1994).

The defendants did not set forth the reasons they alleged they would suffer prejudice until their reply brief. Their initial brief makes no mention of their inability to question Adams at his deposition about the information that formed the basis of his later disclosed experts' opinions. Because the defendants raised new issues for the first time in their reply, the court **GRANTS** Adams' motion to file a sur-reply and will take his sur-reply into consideration.

Federal Rule of Civil Procedure 26(a) states that "a party must disclose to the other parties the identity of any witness it may use at trial . . . ." The disclosure must be made "at the

2

time and in the sequence that the court orders." **Rule 26(a)(2)(D).** Rule 37(c) provides for the automatic sanction of exclusion if a party fails to provide information or identify a witness as required by Rule 26(a) or (3) unless the failure was substantially justified or harmless. *See also* ***Finley v. Marathon Oil Co***., 75 F.3d 1225, 1230 (7th Cir. 1996) (explaining that the sanction of exclusion for failure to disclose experts is automatic unless the offending party can show that the violation was harmless or justified). In ***Banister v. Burton***, 636 F.3d 828, 833 (7th Cir. 2011), the Seventh Circuit stated that the district court "need not make explicit findings regarding a justification or the harmlessness of the Rule 26 violation, but ... the following factors should guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *See also* ***Westefer v. Snyder***, 422 F.3d 570, 585 n. 21 (7th Cir. 2005) (citing ***David v. Caterpillar, Inc.,*** 324 F.3d 851, 857 (7th Cir. 2003)).

     In their reply brief, the defendants argue that the untimely disclosure is prejudicial because the expert reports contained information that they would have questioned Adams about at his deposition. Although this argument sounds convincing, Adams points out that the scheduling order never was set up so that expert disclosures were due prior to the close of discovery. Initially, the discovery deadline was set for January 31, 2014, and the plaintiff's expert disclosures were due two months later on March 31, 2014. The deadlines later were extended so that both the discovery deadline and expert disclosure deadline fell on the same day. In either scenario, the defendants would not have had the benefit of the plaintiff's expert reports at his deposition. Discovery ultimately was moved to May 30, 2014, but the plaintiff's expert disclosure deadline was not similarly moved, and fell one month before the discovery deadline.

Despite this schedule, the defendants originally scheduled Adams' deposition for February 17, 2014, and again would not have received Adams' expert disclosures and reports prior to his deposition. It only was because of a snow storm that the deposition was moved until May 9, 2014, and after Adams' expert disclosures and reports were due. For this reason, the court does not find that the defendants experienced prejudice because they did not have the benefit of reviewing the expert reports prior to conducting Adams' deposition. It is further noted that Adams did not have the benefit of reviewing the defendants' experts' reports before fact discovery was closed.

It should be noted that the original schedule was consistent with this court's standard procedures. A fact discovery deadline was set before the dates for expert disclosures. As previously stated, these deadlines were modified at the request of the parties. If the original deadlines had been met, Adams' deposition would have been conducted before expert disclosures.

The defendants further allege prejudice because Adams' late disclosures adversely impact their expert disclosure deadline and report. Instead of having 60 days to disclose their own experts, their time was reduced to 30 days. However, the court also must consider its ability to cure the prejudice. Because the dispositive motion deadline and trial have not been set, extending the defendants' expert disclosure deadline an additional 30 days would not interfere with any pre-existing deadlines and would not disrupt trial.

The fourth factor the court must consider is the bad faith or willfulness of the offending party. The defendants argue that because we cannot probe the mind of Adams' attorney, the court should consider the chain of events. The defendants refer the court to Adams' failure to provide the name and contact information of his experts in response to the defendants'

4

interrogatories. Neither could Adams recall his psychologist's name when asked at his deposition. Adams' counsel responded that his failure to comply was an inadvertent error and that he believed the expert disclosures were due on May 30, 2014, at the same time the discovery period ended. Given that his expert disclosure deadline previously coincided with the discovery deadline, this explanation is conceivable. Nor is it clear what benefit Adams was trying to procure by unilaterally altering the deadline. Adams' counsel also points out as proof that he believed May 30th was the deadline that he told defense counsel at Adams' deposition that he would get defense counsel the name of Adams' psychologist by May 30th.

If the court were to exclude Adams' experts, this sanction essentially would amount to a dismissal of his claim because Adams would be without any means to prove the applicable standard of care to support his legal malpractice claim. *See American Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1461 (7th Cir. 1996)("Under Indiana law, 'expert testimony is normally required to demonstrate the standard of care by which the defendant attorney's conduct is measured.'"). Dismissal is the most severe sanction and generally is applied only when a party has displayed exceptional misconduct or when less drastic sanctions have proven unavailing. *Domanus v. Lewicki,* No. 13-2435, 2014 WL 408723, * 8 (7th Cir. Feb. 4, 2014); *Sun v. Board of Trustees*, 473 F.3d 799, 811 (7th Cir. 2007) (explaining that the Seventh Circuit has a well established policy of favoring trial on the merits over default judgments); *Maynard v. Nygren*, 332 F.3d 462, 467-468 (7th Cir. 2003); *Danis v. USN Communications, Inc*., 2000 WL 1694325, 33-34 (N.D. Ill. Oct. 23, 2000) ("Because a default judgment deprives a party of a hearing on the merits, the harsh nature of this sanction should usually be employed only in extreme situations where there is evidence of willfulness, bad faith or fault by the noncomplying party") (citing *Societe Internationale v. Rogers*, 357 U.S. 197, 209, 78 S.Ct. 1087, 2 L.Ed.2d

5

1255 (1958) (explaining that a party should be sanctioned with dismissal only in extreme situations where there is evidence of willfulness, bad faith or fault by the noncomplying party)). The defendants have not demonstrated that Adams' behavior was egregious enough to warrant this type of sanction.

Although Adams turned over his expert disclosures and reports after the deadline ordered by the court, the court finds that this was an inadvertent harmless error. The defendants were not prejudiced by this delay in a way that cannot be repaired and the impact on the progression of this matter is minimal. For these reasons, the court **DENIES** the defendants' Motion to Bar and Exclude Expert Testimony [DE 74] and **EXTENDS** the deadline for the defendants to turn over their expert disclosures and reports until August 29, 2014.

ENTERED this 28th day of July, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge